UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>CARLOS ACEVEZ GUTIERREZ,<br><br>                             Defendant. | Case Nos.: 14CR0447-JLS<br>                15CV1135-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and DENYING CERTIFICATE OF APPEALABILITY** |

    Presently before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 32). The Court has considered Defendant's motion and the record in this case and, for the reasons set forth below, will dismiss Defendant's motion.

**Background**

    Defendant Gutierrez was charged with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 11. On May 10, 2014, Defendant pled guilty to the charge pursuant to a plea agreement. ECF No. 21. On June 27, 2014, Defendant was sentenced to a term of 37 months' imprisonment and a three-year term of

supervised release.[1] The 37-month term of imprisonment incorporated a downward variance that was the equivalent of a two-level reduction in base offense level based upon Defendant's agreement not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event of the anticipated 2014 amendment to the United States Sentencing Guideline drug quantity table.[2]  ECF No. 28.

## Analysis

In the instant motion under 28 U.S.C. § 2255, Defendant contends that he is entitled to a 2-level sentence reduction in light of the 2014 amendment to the guideline drug quantity table.  The record establishes, however, that Defendant's sentence did encompass a two-level variance which was the equivalent of the reduction in base offense level Defendant would have received after the effective date of the 2014 amendment to the Sentencing Guidelines.  Therefore, Defendant presents no valid basis to vacate, set aside, or correct his sentence.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.  Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

IT IS SO ORDERED.

Dated: June 5, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] According to the Federal Bureau of Prisons inmate locator website, Defendant was released from confinement on October 12, 2016 and he presumably remains on supervised release.  Thus, as collateral consequences continue to result from the sentence imposed, the Court does not consider Defendant's motion to be mooted by his release from custody.
[2] U.S.S.G. Amendment 782 (2014).

2